SMITH *v.* GIBBS.

4-3332

Opinion delivered February 5, 1934.

*John L. McClellan,* for appellant.

*H. B. Means* and *W. H. Glover,* for appellee.

BUTLER, J.   From a verdict and judgment in favor of the appellee against the appellant in a justice of the peace court, an appeal was prosecuted to the circuit court of the county where, on a trial of the case, there was again a verdict and judgment in favor of the appellee for the sum of $86.44, from which this appeal comes.

At the conclusion of the evidence, the appellant moved for a directed verdict, which motion was overruled and the case submitted to the jury on instructions given by the court.   The contentions made for reversal are that the verdict of the jury was based on incompetent testimony and that on competent testimony the appellant's request for a directed verdict should have been granted and that the court erred in giving instructions for the appellee and refusing to give certain others requested by the appellant.

From the evidence it appears that a business was conducted in the city of Malvern under the name of "The Smith Funeral Home," which purchased various items of merchandise at intervals from the appellee.   On the 8th of May, 1931, the balance due him was $116.20. Subsequently, beginning on the 10th day of May, following, and from time to time thereafter, other items of merchandise were purchased and charged to the same account as those prior to May 8th.   After May 10th, various payments were made by the appellant to the appellee, so that on June 6, 1931, there appeared to be

a balance due the latter, as shown by his books, to recover which this suit was instituted.

On the evidence adduced, and from the charge given by the court to the jury, it seems that the suit was brought against the appellant on the theory that The Smith Funeral Home was a partnership composed of the appellant and her husband, Phillip M. Smith; that Phillip M. Smith died on May 8, 1931, and appellant continued the business as surviving partner, and, as such, was liable for the debts of the firm made prior to her husband's death as well as for subsequent purchases.

The appellant contends that there was no partnership, but that prior to her husband's death the business belonged to him individually, and she had no connection with it other than working as her husband's assistant; that after his death she and her son, Robert Smith, formed a partnership and continued the business under the same trade name it had previously borne; that she and her son continued buying from the appellee, making payments on their own account from time to time in sums sufficient to pay in full the debt she and her son were due appellee, but that without right the appellee applied enough of these payments to the debt of her deceased husband to pay the same and claimed a balance of her own indebtedness as unpaid.

In order to establish the partnership, appellee, over the objection of the appellant, was permitted to testify in effect that he knew from advertisements carried in the local newspapers that The Smith Funeral Home was a partnership composed of Phillip M. Smith and Ada E. Smith. Over the objection of appellant, appellee was permitted to introduce several newspapers purporting to be issues of a local newspaper published in the city of Malvern, where The Smith Funeral Home was located. The inference to be drawn from these advertisements was that appellant and her husband jointly owned and conducted the business. On cross-examination of the appellee there was also introduced, and without objection being made, what purported to be a booklet published for circulation in Malvern called ''The Bride's Book,''

in which appeared an advertisement bearing the name of Phillip M. Smith and Ada E. Smith over the words "Smith Funeral Home," and commending this business to the public.

At the request of the appellee the court instructed the jury, submitting for its determination the question of whether or not a partnership existed between appellant and her husband and whether or not she permitted her name to be used in the advertisement which would carry the implication that she was a partner. The court also charged the jury, at the request of the appellant, on the law of application of payments on open accounts. The court refused certain instructions requested by the appellee.

It is the opinion of the majority, to which the writer does not agree, that the testimony objected to was competent and was sufficient to submit to the jury the question whether or not appellant was liable as a surviving partner, and that the court properly refused to direct a verdict in her favor, and that the instructions given were proper declarations of law applicable to the evidence adduced and that the appellee's requested instructions which were refused by the court were sufficiently covered by the charge given. This being the conclusion reached, it follows that the judgment of the trial court is correct, and it is hereby affirmed.